**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **LIBERTY MUTUAL FIRE INSURANCE COMPANY,** **Plaintiff,** | : | **CIVIL ACTION** |
| **v.** | : | |
| **ADAM WEISBAUM,** **Defendant.** | : | **No. 10-3869** |

**MEMORANDUM**

**Schiller, J.** **October 5, 2011**

Plaintiff Liberty Mutual Fire Insurance Company ("Liberty Mutual") brings this action against Adam Weisbaum, seeking a declaration that Weisbaum is not entitled to uninsured motorist ("UM") benefits because he failed to prosecute his claim before the statute of limitations expired. Currently before the Court are the parties' cross-motions for summary judgment. For the following reasons, the Court will grant Liberty Mutual's motion and deny Weisbaum's motion.

## I. BACKGROUND

On June 25, 2004, Weisbaum was allegedly injured in a motor vehicle accident. (Pl.'s Mot. for Summ. J. Ex. A [Def.'s State Ct. Compl.].) At the time of the accident, Weisbaum was insured under a LibertyGuard Auto Policy (the "Policy") issued by Liberty Mutual, which included UM coverage. (Def.'s Mot. for Summ. J. Ex. A [Policy].) In a letter dated July 1, 2004, Weisbaum's counsel notified Liberty Mutual of the accident and stated "that there may be a claim for uninsured or underinsured motorist coverage." (Pl.'s Mot. for Summ. J. Ex. D [7/1/04 Letter].) On the same date, Weisbaum gave a recorded statement to Liberty Mutual in which he

recalled a conversation with the officer who reported to the accident: "The party driving didn't have a license and the officer said since he didn't have a license, we really didn't know who he was. Ah, so the officer, I don't know if the, the car, I don't know if the party that owned it had insurance." (*Id.* Ex. E [Tr. of Recorded Statement] at 8.) Liberty Mutual sent several letters requesting that Weisbaum sign authorizations to obtain medical information, but Weisbaum never returned the authorizations. (*Id.* Ex. F [Authorization Letters]; *id.* Ex. G [Aff. of Linda Heist] ¶¶ 5, 9.)

On June 23, 2006, Weisbaum sued the operator of the other vehicle involved in the accident and the vehicle's owner, seeking damages for his alleged injuries. (*Id.*) The case was terminated as inactive on July 7, 2009. (Pl.'s Mot. for Summ. J. Ex. B [Docket].)

In September 2006, Weisbaum submitted to a partial examination under oath taken by Liberty Mutual's attorney for the purpose of gathering information about the UM claim. (Def.'s Mot. for Summ. J. Ex. B [Examination Under Oath of Adam Weisbaum].) The examination was never completed because Weisbaum did not make his medical records available to Liberty Mutual. (*Id.* at 3; Heist Aff. ¶¶ 6-7.)

The Policy provides that if Liberty Mutual and an insured do not agree on coverage or the amount of damages,

> [E]ither party may make a written demand for arbitration. In this event, each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction.

(Policy at 5.) Liberty Mutual notified Weisbaum that it had appointed an arbitrator in a letter dated October 1, 2008. (Pl.'s Mot. for Summ. J. Ex. H [10/1/08 Letter].) Claims representative Linda Heist stated that Liberty Mutual took this step in order to have the legal authority to

subpoena Weisbaum's medical records. (Heist Aff. ¶ 8.) Liberty Mutual's arbitrator contacted Weisbaum's counsel several times to request the identity of Weisbaum's arbitrator. (Pl.'s Mot. for Summ. J. Ex. H [Arbitrator Letters].) Weisbaum appointed an arbitrator on January 12, 2010. (*Id.* Ex. I [1/12/10 Letter].) Liberty Mutual's arbitrator contacted Weisbaum's arbitrator shortly thereafter to propose neutral arbitrators. (Def.'s Mot. for Summ. J. Ex. E [1/14/10 Letter].) Weisbaum never filed a petition to compel appointment of arbitrators or other legal proceeding against Liberty Mutual in pursuit of UM benefits. (Pl.'s Statement of Undisputed Facts ¶ 10.) Liberty Mutual filed this action for declaratory judgment on August 3, 2010.

## II. STANDARD OF REVIEW

Summary judgment is appropriate when the admissible evidence fails to demonstrate a genuine dispute of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). When the moving party bears the burden of persuasion at trial, it must identify evidence in the record establishing the absence of a genuine factual issue. *Nat'l State Bank v. Fed. Reserve Bank*, 979 F.2d 1579, 1582 (3d Cir. 1992). When the moving party does not bear the burden of persuasion at trial, it may meet its burden on summary judgment by showing that the nonmoving party's evidence is insufficient to carry its burden of persuasion. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Thereafter, the nonmoving party demonstrates a genuine issue of material fact if sufficient evidence is provided to allow a reasonable finder of fact to find for the nonmoving party at trial. *Anderson*, 477 U.S. at 248. In reviewing the record, "a court must view the facts in the light most favorable to the nonmoving party and draw all inferences in that party's favor."

*Shuman ex rel. Shertzer v. Penn Manor Sch. Dist.*, 422 F.3d 141, 146 (3d Cir. 2005) (quoting *Armbruster v. Unisys Corp.*, 32 F.3d 768, 777 (3d Cir. 1994)). The court may not, however, make credibility determinations or weigh the evidence in considering motions for summary judgment. *See Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 150 (2000); *see also Goodman v. Pa. Tpk. Comm'n*, 293 F.3d 655, 665 (3d Cir. 2002). A court must apply the same standards to cross-motions for summary judgment. *Lawrence v. City of Phila.*, 527 F.3d 299, 310 (3d Cir. 2008).

## III. DISCUSSION

Liberty Mutual contends that it is entitled to summary judgment because the statute of limitations has run on Weisbaum's UM claim. Whether the statute of limitations has run is a question of law. *Boyle v. State Farm Mut. Auto. Ins. Co.*, 456 A.2d 156, 158-59 (Pa. Super. Ct. 1983). Under Pennsylvania law, a UM claim is subject to the four-year statute of limitations for contract claims. *State Farm Mut. Auto. Ins. Co. v. Rosenthal*, 484 F.3d 251, 254 (3d Cir. 2007); *Boyle*, 456 A.2d at 160-62; 42 Pa. Cons. Stat. § 5525(a)(8). A UM claim accrues when the insured: (1) is involved in a motor vehicle accident, (2) is injured in the accident, and (3) knows or reasonably should have known of the uninsured status of the owner or operator of the other vehicle involved in the accident. *Clark v. State Farm Auto. Ins. Co.*, 599 A.2d 1001, 1005 (Pa. Super. Ct. 1991).

Liberty Mutual argues that Weisbaum's UM claim accrued on July 1, 2004, because he knew or should have known that the owner or operator of the other vehicle was uninsured by that date, when his attorney sent notice of a possible UM claim and Weisbaum gave a recorded

statement about the accident. (Pl.'s Mot. for Summ. J. at 11.) Thus, according to Liberty Mutual, the statute of limitations on Weisbaum's UM claim expired on July 1, 2008. (*Id.* at 12.) Weisbaum claims he could not confirm that the owner or operator of the other vehicle was uninsured until he filed the lawsuit on June 23, 2006, so the statute of limitations did not expire until June 23, 2010. (Def.'s Statement of Disputed Facts ("Def.'s SOF") ¶ 5.) Though Weisbaum offers no evidence in support of his assertion, the Court finds that the evidence presented by Liberty Mutual is also insufficient to establish when Weisbaum knew or should have known that the owner or operator of the other vehicle was uninsured. A dispute of fact therefore exists as to the date Weisbaum's UM claim accrued.

Nonetheless, the parties agree that the statute of limitations has now run on Weisbaum's claim. (Def.'s SOF ¶ 14.) Weisbaum argues, however, that the statute of limitations was tolled when the parties took steps to have the matter arbitrated. (Def.'s Mot. for Summ. J. at 7.) In the alternative, he argues that the parties' actions created a new implied contract to arbitrate the case. (*Id.*) Weisbaum's first argument fails because he never filed a petition to compel appointment of arbitrators or other legal proceeding against Liberty Mutual. *See Boyle*, 456 A.2d at 162-63 (holding that filing of petition to compel appointment of arbitrators tolled statute of limitations). Weisbaum asserts that the parties' appointment of arbitrators gives rise to an inference that he made a demand for arbitration. (Def.'s SOF ¶ 16.) Even if he had made such a demand, this would not be enough to toll the statute of limitations. *See Walker v. Providence Ins. Co.*, Civ. A. No. 97-7455, 1998 WL 195652, at *3 (E.D. Pa. Mar. 31, 1998) (holding that appointment of arbitrator did not toll statute of limitations on underinsured motorist claim); *see also Walters v. Am. Home Assurance*, Civ. A. No. 09-4637, 2011 WL 4409170, at *14-16 (D.N.J. Sept. 21,

2011) (holding that correspondence with insurance company did not toll statute of limitations on uninsured motorist claim under Pennsylvania law). Nor is there any evidence that Liberty Mutual "fraudulently or deceptively lull[ed]" Weisbaum into inaction. *Miller v. Keystone Ins. Co.*, 636 A.2d 1109, 1114 (Pa. 1994). To the contrary, the record indicates that Liberty Mutual actively sought to obtain the information necessary to assess Weisbaum's claim and received little cooperation. Weisbaum's second argument also fails, as the Court is not aware of any precedent—and Weisbaum does not cite to any—for tolling the statute of limitations based upon an implied contract to arbitrate.

## IV. CONCLUSION

Because the statute of limitations on Weisbaum's UM claim has run and was not tolled, Liberty Mutual's motion for summary judgment is granted. An Order consistent with this Memorandum will be docketed separately.